ALLSTATE INSURANCE COMPANY v MALONEY

Docket No. 99759. Submitted August 10, 1988, at Detroit. Decided October 7, 1988.

Richard Maloney and Robert Spicer were hit by pellets discharged from a shotgun fired by James Fisher. Maloney and Spicer each filed a lawsuit against Fisher. Fisher's homeowner's insurer, Allstate Insurance Company, brought an action in Oakland Circuit Court seeking a declaration that it had no duty to defend or indemnify Fisher with regard to the suits brought by Maloney and Spicer. Allstate contended that its policy's exclusionary provision for "bodily injury or property damage which may reasonably be expected to result from the intentional or criminal act of an insured or which is in fact intended by the insured person" applies to the suits brought by Maloney and Spicer. The trial court, Alice L. Gilbert, J., granted summary disposition in plaintiff's favor, ruling that there were no genuine issues of material fact and plaintiff was entitled to judgment as a matter of law. Spicer appealed, claiming summary disposition was precluded by a genuine factual issue over whether Fisher intended or expected to injure him.

The Court of Appeals *held:*

1. In order for an insurance company to avoid liability for "expected" injuries inflicted by its insured where the policy excludes coverage for "intended or expected" injuries, it must be shown that the injury was the natural, foreseeable, expected and anticipatory result of an intentional act. Such is the case here where Fisher intentionally fired the shotgun and the injuries sustained by Spicer were the natural, foreseeable, expected and anticipatory result of Fisher's intentional act. The trial court correctly ruled that Allstate does not have a duty to indemnify Fisher.

2. The issue of whether Allstate has a duty to defend Fisher

REFERENCES

Am Jur 2d, Insurance §§ 708, 709, 1405.

Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.

against Spicer's suit cannot be addressed in the absence of an appeal by Fisher, since Fisher's right to insist upon a defense by Allstate is a personal right which Fisher alone can claim.

Affirmed.

1. INSURANCE — INTENTIONAL INJURIES — EXPECTED INJURIES.

In order for an insurance company to avoid liability for "expected" injuries inflicted by its insured where the policy excludes coverage for "intended or expected" injuries, it must be shown that the injury was the natural, foreseeable, expected and anticipatory result of an intentional act.

2. INSURANCE — DUTY TO DEFEND.

The duty of an insurance company to provide a defense to a lawsuit brought against its insured is separate and severable from its duty to indemnify the insured for liability imposed after trial.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Sharon C. Ranucci* and *Rosalind Rochkind*), for Allstate Insurance Company.

*William M. Hatchett,* for Robert Spicer.

Before: SULLIVAN, P.J., and HOOD and J. B. BRUFF,* JJ.

PER CURIAM. Defendant Robert Spicer appeals as of right from a March 25, 1987, circuit court order granting plaintiff Allstate Insurance Company's motion for summary disposition under MCR 2.116(C)(10). We affirm.

Plaintiff, the insurer of defendant James Fisher, filed the present action seeking a declaratory judgment that it had no duty to defend or indemnify Fisher under a homeowner's policy for liability arising out of separate lawsuits filed against him by Spicer and defendant Richard Maloney. In the underlying actions, Spicer and Maloney filed lawsuits against Fisher alleging claims of assault and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

battery and negligence arising out of a shooting that occurred at Fisher's house on February 24, 1985.

On that night, Spicer, Maloney, Marv Berlin and Fisher played cards at Fisher's house. Maloney testified in his deposition that Fisher, who was his card-game partner, had been argumentative with him. After the game, Fisher then argued with Berlin and Berlin subsequently left the house.

Maloney testified that, after Berlin left, Spicer was sitting on the floor next to him when Fisher aimed a shotgun at them and fired it. Maloney and Spicer were hit by pellets. Fisher was standing three to four feet from them when he fired the gun. Maloney further testified that Fisher aimed the gun at them again but Maloney grabbed the gun and threw it into another room. As Fisher started to move towards the gun, Maloney knocked him out.

Spicer, on the other hand, testified that after Berlin left, he went upstairs. When he returned downstairs, he saw Fisher standing in the hallway holding a shotgun. Spicer was concerned for his own safety. As he was trying to get around the corner, he heard a shotgun blast and was hit in the back. Spicer further testified that he did not know if Fisher had intended to shoot him.

Here, plaintiff insurer claimed that it had neither the duty to defend nor indemnify Fisher because the lawsuits of Spicer and Maloney fell within the policy exclusion for

> any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal act of an insured person or which is in fact intended by the insured person.

The circuit court agreed with plaintiff and granted

summary disposition in favor of plaintiff and against Spicer and Maloney under MCR 2.116(C)(10)—no genuine issue of material fact. The court also granted a default judgment in favor of plaintiff and against Fisher. Only Spicer appeals from the court's order.

On appeal, Spicer does not argue that a genuine issue of material fact exists over whether Fisher's act of shooting was intentional. In fact, he states on appeal that Fisher obviously intended to fire the gun. Instead, he argues that the court erred by granting summary disposition because a genuine issue of material fact exists regarding whether Fisher intended or expected to injure Spicer. We disagree.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Hagerl v Auto Club Group Ins Co,* 157 Mich App 684, 687; 403 NW2d 197 (1987), lv den 428 Mich 900 (1987). The trial court must consider the affidavits, pleadings, depositions, admissions and documentary evidence then submitted or filed in the action. MCR 2.116(C)(10) and (G)(5). The party opposing the motion must show that a genuine issue of disputed facts exists. MCR 2.116(G)(4). The test is whether the kind of record that might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973); *Linebaugh v Berdish,* 144 Mich App 750, 754; 376 NW2d 400 (1985).

This Court has ruled that a distinction should be made between the terms "intentional" and "expected" when a policy excludes coverage for intended or expected injuries. *State Farm Fire & Casualty Co v Jenkins,* 147 Mich App 462, 467-468; 382 NW2d 796 (1985). The Court in *Jenkins* con-

cluded that in order to avoid liability for an expected injury it must be shown that the injury was the natural, foreseeable, expected and anticipatory result of an intentional act, citing *Group Ins Co of Michigan v Morelli,* 111 Mich App 510, 516; 314 NW2d 672 (1981). See also *State Farm Fire & Casualty Co v Groshek,* 161 Mich App 703, 707-708; 411 NW2d 480 (1987), and *Allstate Ins Co v Freeman,* 160 Mich App 349, 354-355; 408 NW2d 153 (1987), lv gtd 430 Mich 857 (1988).

We conclude that Spicer's injuries could reasonably have been expected to result from Fisher's intentional act of shooting a shotgun in the area where Spicer was located. Even if Fisher did not intend to injure, or even hit, Spicer, Spicer's injuries were nevertheless the natural, foreseeable, expected and anticipatory result of Fisher's act. On the basis of the record developed below, the circuit court properly ruled that Fisher could have anticipated Spicer's injuries. Because Fisher could have reasonably expected injury to result from his intentional act, the policy exclusion applies. Hence, plaintiff does not have a duty to indemnify Fisher.

This is true despite Fisher's convictions for felonious assault and negligent discharge of a firearm in connection with the shooting.[1] During the hearing on plaintiff's motion for summary disposition, the parties' attorneys commented on Fisher's testimony in the criminal trial and the resulting convictions. However, their comments were unclear regarding Fisher's version of the shooting. Moreover, no documentary evidence was submitted or

---

[1] See *Groshek, supra,* p 712; *Transamerica Ins Co v Anderson,* 159 Mich App 441, 445; 407 NW2d 27 (1987); *Yother v McCrimmon,* 147 Mich App 130, 134; 383 NW2d 126 (1985) (evidence of criminal convictions can be used in declaratory action to determine whether the insurer has a duty to defend the insured in the underlying action).

filed by Spicer or Maloney setting forth facts to establish a genuine issue of material fact. MCR 2.116(G)(4). Finally, Spicer states on appeal that Fisher obviously intended to shoot the shotgun.

Although we conclude that plaintiff does not have a duty to indemnify Fisher, we decline to consider whether it has a duty to defend him because the issue is raised by Spicer, not Fisher. An insurer's duty to defend a lawsuit brought against its insured is separate and severable from its duty to indemnify the insured for liability imposed after trial. *State Farm Fire & Casualty Co v Huyghe,* 144 Mich App 341, 345; 375 NW2d 442 (1985); *Reurink Bros Star Silo, Inc v Maryland Casualty Co,* 131 Mich App 139, 142; 345 NW2d 659 (1983). Fisher's right to have plaintiff defend him is his personal right as the insured; no benefit inures to Spicer or Maloney. Even if we decided that a duty to defend exists, Spicer has no interest or right to that duty and no relief could be granted as to Spicer. Moreover, Fisher has not appealed the default judgment that was entered against him.

Accordingly, we affirm.