AUTO-OWNERS INSURANCE COMPANY v HARRINGTON

Docket No. 156446. Submitted January 3, 1995, at Detroit. Decided
August 18, 1995, at 9:05 A.M. Leave to appeal sought.

Auto-Owners Insurance Company brought an action in the St.
Clair Circuit Court, seeking a determination whether it is liable
to provide insurance coverage to James and Marion Harrington
under their homeowner's insurance policy with regard to an
action brought against the Harringtons by Sydney Tew, as
personal representative of the estate of Brian Tew, deceased,
after James Harrington shot and killed Brian Tew. The court,
James T. Corden, J., granted summary disposition for the
defendants, finding that the plaintiff was liable to defend and
indemnify under its insurance policy. The plaintiff appealed.

The Court of Appeals *held:*

Although James Harrington was acting in self-defense, his
action of shooting Tew was intentional and expected. The
exclusion in the insurance policy that precluded coverage for
bodily injury or property damages expected or intended by the
insured precluded coverage in this case. An act of self-defense
may be an intentional act within the meaning of an exclusion
providing no coverage for bodily injury expected or intended by
an insured. Self-defense does not provide an exception to the
intentional acts exclusion. Where the injury is subjectively both
intentional and expected by the insured, the insurer is under
no duty to defend or indemnify the insured pursuant to the
intentional acts exclusion in the policy.

Reversed and remanded for entry of summary disposition for
the plaintiff.

MICHAEL J. KELLY, J., dissenting, stated that an injury result-
ing from an act committed by an insured in self-defense is not
an expected or intended act for purposes of the insurance
policy exclusion. A holding that coverage is excluded in this
case would not further the purpose of the intentional injury

REFERENCES

Am Jur 2d, Insurance § 708.

Acts in self-defense as within provision of liability insurance policy
expressly excluding coverage for damage or injury intended or
expected by insured. 34 ALR4th 761.

exclusion of preventing an insured from acting wrongfully with the security of knowing that the insurer will cover the damages. A person who acts in self-defense generally is not acting for the purpose of intending to injure another but, rather, for the purpose of attempting to prevent injury to himself.

INSURANCE — POLICY EXCLUSIONS — INTENTIONAL ACTS — SELF-DEFENSE.

An injury resulting from an act committed by an insured in self-defense may be an expected or intended act so as to exclude coverage under a homeowner's insurance policy exclusion providing no coverage for bodily injury expected or intended by the insured; self-defense does not create an exception to such an intentional acts exclusion and the insurer is under no duty to defend and indemnify where the injury was subjectively both intended and expected by the insured.

*Thomas D. Rinehart, P.C.* (by *Thomas D. Rinehart*), for the plaintiff.

*Nicholson, Fletcher, West & DeGrow, P.C.* (by *Gary A. Fletcher* and *Mark G. Clark*), for James and Marion Harrington.

*Dixon & Majkowski, P.C.* (by *James P. Majkowski*), for Sydney Tew, as personal representative of the estate of Brian Tew, deceased.

Before: JANSEN, P.J., and MICHAEL J. KELLY and HOOD, JJ.

JANSEN, P.J. This is a declaratory judgment action brought by plaintiff to determine whether it is liable to provide insurance coverage to James and Marion Harrington under their homeowner's insurance policy. The trial court declared that plaintiff was liable to defend and indemnify under the policy in a wrongful death action resulting from James Harrington's shooting of Brian Tew. We reverse and remand.

On August 1, 1989, in the City of Fair Haven, James Harrington shot and killed Brian Tew.

Brian, who was staying with the Harringtons' neighbor, was allegedly intoxicated and had engaged in aggressive and erratic behavior throughout the afternoon of August 1. Brian had been shooting an automatic gun into the area of Lake St. Clair, and had made threats toward the Harringtons and their children. James was frightened and retrieved his 12-gauge shotgun from the garage. During the evening, Brian was seen by Marion heading toward the Harringtons' garage. James then saw Brian close to a window where the Harrington children were located. James "assumed" that Brian had the gun and was going to do something to his family. James then aimed his shotgun at Brian and shot him in the stomach. Brian died as a result of the shooting. Brian did not have a gun when he was shot.

The St. Clair County prosecutor apparently determined that James was acting in self-defense and no charges were ever brought against James in connection with his shooting of Brian. However, James did testify at his deposition that he intended to shoot Brian.

On November 20, 1989, Sydney Tew, Brian's father, brought a wrongful death action against James and Marion Harrington. On February 26, 1990, plaintiff brought the present declaratory judgment action. Plaintiff claimed that it was not under a duty to defend because there was an exclusion in the homeowner's policy that denied coverage for "bodily injury or property damage expected or intended by an insured person."

On June 30, 1992, defendants brought a motion for summary disposition pursuant to MCR 2.116(C) (8) and (10). The trial court granted the motion and ruled that plaintiff was obligated to defend and provide coverage to the Harringtons under the homeowner's insurance policy.

The question presented in this case is one of first impression: whether an act of self-defense is an intentional act within the meaning of the exclusion providing no coverage for bodily injury expected or intended by an insured. We hold that even if James Harrington was acting in self-defense, his action was still intentional and expected and the exclusion under the insurance policy precludes coverage in this case.

Coverage for personal liability was covered in the policy as follows:

COVERAGE E—PERSONAL LIABILITY

We will pay all sums which an insured person becomes legally obligated to pay as damages because of bodily injury, personal injury (libel, slander or defamation of character; false arrest, detention or imprisonment or malicious prosecution; invasion of privacy, wrongful eviction or wrongful entry) or property damage covered by this policy.

If a claim is made or suit is brought against the insured person for liability under this coverage, we will defend the insured person at our expense, using lawyers of our choice. We are not obligated to defend after we have paid an amount equal to the limit of our liability. We may investigate or settle any claim or suit as we think appropriate.

The exclusion in question provides:

Under Personal Liability Coverage and Medical Payments to Others Coverage we do not cover:

*  *  *

7. bodily injury or property damage expected or intended by an insured person.

An insurance policy is an agreement between the parties in which a court must determine what

the agreement was and effectuate the intent of the parties. *Auto-Owners Ins Co v Churchman,* 440 Mich 560, 566; 489 NW2d 431 (1992). The court must look at the policy as a whole and give meaning to all terms. *Id.* Any clause in an insurance policy is valid as long as it is clear, unambiguous, and not in contravention of public policy. *Id.,* p 567. An ambiguity will not be created where none exists. *Id.*

Exclusionary clauses in insurance policies are to be strictly construed in favor of the insured. *Id.* However, there is no coverage under a policy if any exclusion in the policy applies to an insured's particular claims. *Id.* Clear and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume. *Id.*

In order to avoid its duty to defend, plaintiff must show that James Harrington intended and expected injury to result from his intentional act. That is, because the policy language is "expected or intended by an insured person," it is unambiguous and requires a subjective intent on behalf of the insured. *Id.,* pp 567-568.

The facts of this case are that Brian Tew was acting in an aggressive and erratic manner during the date in question. There is also evidence that he was intoxicated and was shooting a gun. During the evening, Marion saw Brian approach her house and James had a shotgun with him. Brian was scaling up the side of the house by the kitchen window. At that point, James shot Brian. In his deposition, James testified that he pointed the gun at Brian, that he intended to stop Brian, and that he intended to shoot Brian. James did not call the police before shooting Brian and Brian was not armed when he was shot. It is apparent from these facts that James intended to shoot Brian and

certainly expected to harm him. Therefore, James intended or expected the resulting harm that he caused. Thus, the exclusion applies to the facts of this case.

However, we must next determine whether a person acting in self-defense intends or expects the consequences of his actions. While James Harrington may not have been criminally liable for his act of shooting Brian Tew, he stated that he intended to shoot Brian and he certainly was capable of foreseeing the consequences. That is, James knew that intentionally shooting at Brian would result in serious bodily harm or death.

The precise issue before us has not been decided in this state. This Court has held that an insured's guilty plea to a specific intent crime is dispositive in determining the applicability of an intentional acts exclusion in an insurance policy. *Vanguard Ins Co v Bolt,* 204 Mich App 271, 275; 514 NW2d 525 (1994); *State Farm Fire & Casualty Co v Johnson,* 187 Mich App 264, 266-267; 466 NW2d 287 (1991). Further, an insured's conviction of a specific intent crime may conclusively establish the requisite intent for the application of the insurer's exclusionary intentional acts clause. *State Farm Fire & Casualty Co v Fisher,* 192 Mich App 371, 376-378; 481 NW2d 743 (1991). Our Supreme Court has also held that an insane or mentally ill insured may intend or expect the result of the injuries personally caused for purposes of an exclusionary clause in a homeowner's insurance policy, even if the insured is not criminally liable. *Churchman, supra,* pp 572-573. Similarly, an intoxicated person may form the intent necessary to intentionally injure another so as to exclude coverage under a homeowner's insurance policy. *Group Ins Co of Michigan v Czopek,* 440 Mich 590, 601; 489 NW2d 444 (1992).

We acknowledge that other jurisdictions have held that an injury resulting from an act committed by an insured in self-defense is not an expected or intended act under an insurance policy. *Transamerica Ins Group v Meere*, 143 Ariz 351; 694 P2d 181 (1984); *Allstate Ins Co v Novak*, 210 Neb 184; 313 NW2d 636 (1981). However, we disagree with those cases for several reasons.

First, our Supreme Court has construed the "intended or expected" language in insurance policies to bar coverage for expected injuries where the insured was aware that harm was likely to follow from the performance of the intentional act. *Auto Club Group Ins Co v Marzonie*, 447 Mich 624, 641-642; 527 NW2d 760 (1994) (RILEY, J.); *Frankenmuth Mutual Ins Co v Piccard*, 440 Mich 539, 550; 489 NW2d 422 (1992) (RILEY, J.). In the present case, there can be no question that James Harrington was aware that harm was likely to follow from his act of pointing his shotgun at Brian Tew and intentionally shooting at him. Certainly, the injury here was the natural, foreseeable, expected, and anticipatory result of an intentional act. *Allstate Ins Co v Maloney*, 174 Mich App 263, 267; 435 NW2d 448 (1988) (and see cases cited therein).

Second, there are public policy reasons for not holding an insurance company liable to defend its insured where the insured injured someone while acting in self-defense. Our Supreme Court has noted the conflicting policy considerations. On the one hand, individuals should not be indemnified for intentional injuries inflicted upon another. *Czopek, supra*, p 608 (BOYLE, J., concurring). On the other hand, injured persons should be compensated for their injuries. *Id.* Further, where an *innocent* person is injured through the negligent conduct of another, the injured person should be

compensated for any injuries. *Piccard, supra,* pp 544-545 (RILEY, J.). In considering these policy issues, a person such as Brian Tew, who was acting in an aggressive manner and was a wrong-doer as well, should not be allowed to profit from his own wrongful acts. Also, an individual such as James Harrington, who intentionally inflicted injury upon another, should not generally be indemnified for his own wrongful conduct.

Finally, other decisions of this Court that have touched upon the self-defense issue support our conclusion that self-defense does not provide an exception to the intentional acts exclusion. In *Century Mutual Ins Co v Paddock,* 168 Mich App 747; 425 NW2d 214 (1988), the insureds sought to escape the insurance policy's exclusion by asserting that their acts were involuntary. The insureds argued that they acted involuntarily because they acted in self-defense and that the exclusionary provision providing that there was no coverage where "liability . . . [was] caused intentionally by or at the direction of the insured" did not apply. This Court rejected the claim for two reasons. First, even if it was accepted that the insureds acted in self-defense, it was noted that the insureds continued to kick the injured persons to such an extent that the behavior could not be considered to be necessary to any self-defense claim. *Id.,* p 753. Second, there would be no duty of the insurer to defend if a jury accepted the insureds' version of the incident because if the insureds truly acted in self-defense, then the jury would have to find no cause of action with regard to an assault and battery tort claim. Further, if the jury did not find that the insureds acted in self-defense, then the insureds would have committed an intentional act and the act would not be covered by the policy. *Id.,* citing *Frankenmuth*

*Mutual Ins Co v Beyer,* 153 Mich App 118; 395 NW2d 36 (1986).

Accordingly, we hold that although James Harrington acted in self-defense in the act of shooting Brian Tew, James' act was intentional and the injury was expected. Self-defense did not create an exception to the intentional acts exclusion under the homeowner's insurance policy in this case. Where the injury was subjectively both intentional and expected by the insured, the insurer is under no duty to defend and indemnify.

The trial court erred in concluding that James Harrington's acts, if in self-defense, are not the wrongful or expected or intended acts contemplated by the intentional acts exclusion. We, therefore, reverse the trial court's grant of summary disposition for the defendants and remand for the trial court to enter summary disposition in favor of plaintiff because James Harrington's admissions that he intended to shoot Brian Tew lead to the conclusion that there is no genuine issue regarding any material fact and plaintiff is entitled to judgment as a matter of law. MCR 2.116(C)(10) and (I) (2).

Reversed and remanded for proceedings consistent with this opinion. Jurisdiction is not retained.

HOOD, J., concurred.

MICHAEL J. KELLY, J. *(dissenting).* I respectfully dissent. I would affirm the learned trial court's grant of summary disposition for defendants and its determination that plaintiff insurance company is obligated to defend and provide coverage for the claims presented in the underlying action.

Exclusionary clauses in insurance policies are strictly construed in favor of the insured. The question is whether a person acting in self-defense

intends or expects the consequences of his action within the meaning of the exclusionary provision. I do not find the authority relied on by the majority involving a guilty plea in a criminal case inapposite. Also, in the case involving a mentally ill insured, *Auto-Owners Ins Co v Churchman,* 440 Mich 560; 489 NW2d 431 (1992), where the policy language was identical to the language of the exclusion in the present case, the decision did not address the issue in point here.

Although Michigan has not specifically addressed the issue presented in this case, other jurisdictions have held that an injury resulting from an act committed by an insured in self-defense is not an expected or intended act. In *Transamerica Ins Group v Meere,* 143 Ariz 351, 356; 694 P2d 181 (1984), and *Allstate Ins Co v Novak,* 210 Neb 184, 192-193; 313 NW2d 636 (1981), the Arizona and Nebraska Supreme Court, respectively, held that an injury resulting from an act committed by an insured in self-defense is not an expected or intended act within the meaning of the intentional injury exclusion. These cases were cited with approval by Justice LEVIN in his concurring/ dissenting opinion in *Allstate Ins Co v Freeman,* 432 Mich 656; 443 NW2d 734 (1989). In *Freeman,* the Supreme Court was asked to construe the identical exclusionary clause at issue in this case. Although the question whether an insurer has a duty to defend an insured where the insured acted in self-defense despite policy language excluding injury caused by an intentional act was not addressed in *Freeman,* Justice LEVIN quoted from the *Meere* and *Novak* decisions:

"[T]he provision [the exception from coverage] is designed to prevent an insured from acting wrongfully with the security of knowing that his insur-

ance company will 'pay the piper' for the damages. That design is not served by interpreting the provision to exclude coverage in self-defense situations where the insured is not acting by conscious design but is attempting to avoid a 'calamity' which has befallen him.

\* \* \*

"[T]here is evidence from which the finder of fact may decide that Meere was confronted with a risk over which he had little control. His blow may not have been the result of a cognitive process, and his action may not have been 'voluntary.' Although his act was intentional, and its natural consequence was to cause injury, his basic desire or purpose may not have been to injure. . . .

"Substantial authority supports such an analysis. The Nebraska Supreme Court, after analyzing a number of cases concluded:

" 'The cases, as evidenced by those already cited, point out that when one acts in self-defense the actor is not generally acting for the purpose of intending any injury to another but, rather, is acting for the purpose of attempting to prevent injury to himself. It can easily be said that such act, though resulting in bodily injury to another, was neither expected nor intended within the terms of the policy . . . . An injury resulting from an act committed by an insured in self-defense is not, as a matter of law, an expected or intended act . . . [.]' *Allstate Insurance Company v Novak,* 210 Neb 184, 192-193; 313 NW2d 636, 640-41 (1981); see also *Patrons-Oxford Mutual Insurance Co v Dodge* [426 A2d 888 (Me, 1981)]; *Farmers Insurance Exchange v Sipple,* 255 NW2d 373 (Minn, 1977); *Hanover Insurance Group v Cameron,* 122 NJ Super 51; 298 A2d 715 (1973)." [*Freeman, supra* at 759-760.]

The reasoning contained in *Meere* and *Novak* is persuasive. The intentional injury exclusion is designed to prevent an insured from acting wrong-

fully with the security of knowing that his insurance company will cover the damages. Here, Harrington, in shooting Tew, was not acting wrongfully. He was acting in the defense of himself or his family. Therefore, a holding that coverage is excluded under these circumstances would not further the purpose of the intentional injury exclusion. Furthermore, as the Nebraska Supreme Court noted, when a person acts in self-defense he is not generally acting for the purpose of intending to injure another but, rather, for the purpose of attempting to prevent injury to himself. *Novak, supra.*

I would affirm.