PEOPLE *v.* ENGLEBERG

1. CRIMINAL LAW—ARREST—LAWFULNESS—QUESTION FOR COURT.

The lawfulness of a defendant's arrest is, as a general rule, a question for the court.

2. CRIMINAL LAW — ASSAULTING AN OFFICER — ARREST — LAWFULNESS — QUESTION FOR JURY.

The lawfulness of the defendant's arrest where the defendant is on trial for assaulting a police officer while he was making an arrest is a question for the jury, because the lawfulness of the arrest is an element of the offense, not a jurisdictional requirement.

3. CRIMINAL LAW—ARREST—PROBABLE CAUSE.

Arrests of two girls were based on probable cause where police officers made the arrests because the girls fit descriptions given in a complaint for felonious assault even though, subsequent to the arrests, it was discovered that the girls were not the ones named in the complaint.

Appeal from Recorder's Court of Detroit, Robert E. De Mascio, J.   Submitted Division 1 June 16, 1970, at Detroit.   (Docket No. 6,566.)   Decided August 27, 1970.

Leonard Jerome Engleberg was convicted of assaulting a police officer in the performance of his duty.   Defendant appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arrest § 49.
[3] 5 Am Jur 2d, Arrest §§ 24, 32.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Wilfred D. Rice,* for defendant.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. On May 6, 1967, defendant was arrested and charged with assaulting a police officer in the performance of his duty. MCLA § 750.479 (a) (Stat Ann 1970 Cum Supp § 28.747[1]).** The officer testified that he was in the process of arresting two girls because their descriptions fitted those given in a complaint for felonious assault, which the officer had seen. Defendant thought that the officer was making illegal arrests. The officer testified that he asked for identification from the defendant, who produced a driver's license; this was checked with the city traffic bureau and it was discovered that there was a traffic warrant outstanding on the defendant. As defendant was being searched, the alleged assault took place.

At the close of the people's case, defendant moved for a directed verdict of acquittal. The

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

** "Any person who forcibly assaults or commits a bodily injury which requires medical care or attention upon a peace or police officer of this state while the peace or police officer is engaged in making a lawful arrest, knowing him to be a peace or police officer, is guilty of a misdemeanor, punishable by fine not to exceed $1,000 or by imprisonment in the state prison for not more than 2 years or both."

motion was denied and the case was submitted to the jury; a verdict of guilty was returned.

Defendant raises eight issues on appeal: seven have little merit and are without applicable supporting legal authority. The one issue for consideration by this Court is the question of whether the lawfulness of the arrests with which the defendant interfered should be determined by the court or the jury. It was submitted to the jury as an element of the offense.

While a defendant's question as to the lawfulness of his arrest is generally determined by the court, *Beck* v. *Ohio* (1964), 379 US 89 (85 S Ct 223, 13 L Ed 2d 142), that practice is not applicable to the present case. In a situation governed by *Beck,* the court makes the determination because, if the arrest was illegal, the case should never reach the jury. In the present case, the lawfulness of the questioned arrests is an element of the offense, not a jurisdictional requirement.

Patrolman Tandreys of the Detroit Police Department testified that he was in uniform at the time of the arrests. On direct examination, his testimony was as follows:

"*Q.* What happened at that time, 11:10 p.m. if anything?

"*A.* We were patroling the area. At approximately 11:10 we observed two white females walking west of Woodward Avenue. Both women fitted the description on a first precinct complaint of two females wanted for felonious assault.

\* \* \*

"We parked our car and my partner and I got out of the scout car and approached the girls. At that time we both placed the girls under arrest.

"*Q.* Was anyone else there at that time?

"*A.* Both the women were in company with the defendant Mr. Engleberg and another gentleman, Mike Kristoff."

This officer also testified that, after searching the defendant, the defendant struck him in the mouth, grabbed him with both hands and started choking him and that he (the officer) had to go to the hospital where he was x-rayed and a doctor checked his mouth and nose.

Patrolman Gary Chappell of the Detroit Police Department testified:

"*Q.* Did you notice anything unusual at that time?

"*A.* I observed—you mean going into the arrest? I observed two females that fit the description of a complaint, fifth precinct complaint for felonious assault. My partner and I attempted to arrest them.

"*Q.* Now, you say that you were acting on a complaint, alleging that *two* girls were wanted for felonious assault, is that correct?

"*A.* That's correct, yes."

The record clearly establishes the *prima facie* fact that the police officers had reasonable cause to believe that the two women were wanted under an existing warrant for felonious assault, even though it was subsequently determined that these two women were not the ones named in the complaint.

The plaintiff and the defendant agree, in their respective briefs, that it is an essential element of proof that the officers were making lawful arrests of the two women in order to convict this defendant. *People* v. *DeMeaux* (1916), 194 Mich 18. They differ only as to whether the court or the jury should make that determination.

The court instructed the jury as to burden of proof, the burden on the part of the people to prove their case beyond a reasonable doubt, and that each and every element of the crime must be proved beyond a reasonable doubt, including: (1) that a forceful assault was made on a police officer, (2) that the officer required medical care or attention, and (3) that the assault was made while the officer was engaged in making a lawful arrest—the defendant knowing the officer to be a peace officer or a police officer.

In his brief, defendant states the correct law:

"The [Michigan] statute, CL 1948, § 764.15 (Stat Ann 1954 Rev § 28.874), authorizes arrests by officers, without a warrant, for misdemeanors and felonies committed in their presence, or felonies committed out of their presence where the felony has been committed and *he has reasonable cause to believe the person held committed it.*" (Emphasis added.)

It was determined subsequent to their arrests that these two women were not the ones the officers believed them to be. Submission to the jury of the question of the legality of the arrests of the two women was not error. In the instant case, the officers were within their legal rights; the arrests were with probable cause. *Wong Sun* v. *United States* (1963), 371 US 471 (83 S Ct 407, 9 L Ed 2d 441). The trial court properly sent the issue to the jury. We find no reversible error.

Conviction affirmed.