STATE FARM FIRE & CASUALTY COMPANY v MOSS

Docket No. 109032. Submitted July 26, 1989, at Detroit. Decided
October 18, 1989.

Lawrence Sokolowski, a Brownstown police officer, brought a civil
action in the Wayne Circuit Court against Thomas E. Moss, Sr.,
seeking damages for injuries sustained when Moss assaulted
him on Moss' property. The assault was alleged to be both
intentional and negligent. Sokolowski subsequently withdrew
the intentional tort count. State Farm Fire & Casualty Com-
pany defended Moss under a reservation of rights. Prior to the
jury's rendering of a verdict of $90,000 for Sokolowski, State
Farm brought the instant declaratory judgment action in the
Wayne Circuit Court seeking a determination whether, pursu-
ant to its policy which excluded liability for bodily injury which
is expected or intended by its insured, it had a duty to defend
and indemnify its insured, Moss. The trial court, Charles Kauf-
man, J., granted State Farm's motion for summary disposition
holding that State Farm had no duty to defend or indemnify
Moss. The court's finding was based upon Moss' conviction,
following a jury trial prior to the civil action, of assaulting a
police officer, Sokolowski. Sokolowski, an intervening defendant
in the declaratory judgment action, appealed.

The Court of Appeals held:

1. Sokolowski was bound by his testimony at the criminal
trial that Moss viciously assaulted him. Sokolowski's suit for
negligence was an attempt to trigger insurance coverage by
characterizing allegations of tortious conduct under the guise of
negligent activity, a practice strongly disapproved of by the
Court of Appeals.

2. Sokolowski's claim that a plea-based conviction, rather

REFERENCES
Am Jur 2d, Depositions and Discovery §§ 178, 190; Insurance
§§ 1408-1410, 1423, 1970, 2054.
Criminal conviction as rendering conduct for which insured con-
victed within provision of liability insurance policy expressly
excluding coverage for damage or injury intended or expected by
insured. 35 ALR4th 1063.

than a conviction following a jury trial, is required to establish intent to injure or expectation of injury was denied.

3. State Farm has no duty to indemnify Moss. Since the issue of State Farm's duty to defend Moss was not raised by Moss, the issue was not considered.

Affirmed.

1. INSURANCE — DUTY TO DEFEND — EVIDENCE — CRIMINAL CONVIC-
TIONS.

A criminal conviction is admissible in a declaratory judgment action in order to determine whether an insurer has a duty to defend and indemnify its insured.

2. CRIMINAL LAW — ASSAULT ON POLICE OFFICER.

The crime of assault on a police officer requires that the prosecution prove that (1) the defendant forcibly caused bodily injury to a police officer, (2) the injury required medical care, (3) at the time of the injury the officer was engaged in making a lawful arrest, (4) the defendant intended to cause bodily harm, and (5) the defendant knew that the officer was a police officer (MCL 750.479a; MSA 28.747[1]).

3. TRIAL — EVIDENCE — DEPOSITION TESTIMONY.

A party's deposition testimony is binding on the party.

4. INSURANCE — DUTY TO DEFEND — DUTY TO INDEMNIFY.

An insurer's duty to defend a lawsuit brought against its insured is separate and severable from its duty to indemnify the insured for liability imposed after trial.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Pat M. Donofrio* and *John C. Brennan*), for State Farm Fire & Casualty Company.

*Mark Granzotto* and *Gary M. Bloom,* for Lawrence Sokolowski.

Before: SAWYER, P.J., and DOCTOROFF and R. B. BURNS,* JJ.

PER CURIAM. In this declaratory action brought by plaintiff State Farm Fire & Casualty Company

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

to determine whether it had a duty to defend and indemnify its insured, Thomas Eugene Moss, Sr., intervening defendant Lawrence Sokolowski appeals as of right the April 13, 1988, order of the Wayne Circuit Court granting summary disposition to plaintiff pursuant to MCR 2.116(C)(10). Sokolowski claims that the trial court erred in finding that Moss' conviction for assaulting a police officer, MCL 750.479a; MSA 28.747(1), established Moss' intent to injure Sokolowski and that, therefore, State Farm had no duty to defend or indemnify Moss. We affirm as to indemnification.

On September 3, 1983, Sokolowski, a Brownstown police officer, arrested Moss' son and drove him home. On their arrival, Moss' son ran into the home. Then, according to Sokolowski, Moss assaulted him. According to Moss, Sokolowski initiated the struggle and was injured when he accidentally fell from the front porch of the Moss home. On February 23, 1984, following a jury trial, Moss was convicted of assaulting a police officer. His conviction was subsequently affirmed by this Court and the Supreme Court denied leave to appeal.

On April 10, 1984, Sokolowski filed a civil action against Moss, alleging intentional and negligent assault. Sokolowski subsequently withdrew the intentional tort count and State Farm defended Moss under a reservation of rights. The civil jury found that Moss negligently caused Sokolowski's injuries and awarded him damages of $90,000. On April 28, 1987, approximately three months before the civil jury rendered its verdict, State Farm filed this action. State Farm's policy, on which the grant of summary disposition was based, excluded liability for "bodily injury . . . which is expected or intended by the insured." In granting summary disposition, the trial court was impressed with the

fact that "just before the trial began . . . Sokolowski withdrew all claims of intentional injuries and permitted the case to proceed on the issue of negligence. The jury . . . had no choice between intentional infliction of injuries and negligence."

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim, giving the benefit of reasonable doubt to the nonmoving party. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). Summary disposition is appropriate if the court determines, on the basis of the record, that it is impossible for the claim asserted to be supported by evidence at trial. *Peterfish v Frantz,* 168 Mich App 43, 48-49; 424 NW2d 25 (1988). The nonmoving party must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4). *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 877 (1988).

A criminal conviction is admissible in a declaratory action in order to determine whether an insurer has a duty to defend and indemnify its insured. *Allstate Ins Co v Freeman,* 432 Mich 656, 687, n 24; 443 NW2d 734 (1989); *Transamerica Ins Co v Anderson,* 159 Mich App 441, 444-445; 407 NW2d 27 (1987). The crime of assault on a police officer requires that the prosecution prove (1) that the defendant forcibly caused bodily injury to a police officer, (2) that the injury required medical care, (3) that at the time of the injury the officer was engaged in making a lawful arrest, (4) that the defendant intended to cause bodily harm, and (5) that the defendant knew that the officer was a police officer. CJI 13:2:01. See *People v Engleberg,* 26 Mich App 309, 313; 182 NW2d 98 (1970).

It is well settled that a party's deposition testimony is binding on the party. *McGhee v General*

*Motors Corp,* 98 Mich App 495, 504; 296 NW2d 286 (1980); *Stefan v White,* 76 Mich App 654; 257 NW2d 206 (1977).

In the criminal proceedings against Moss, Sokolowski testified under oath that Moss pushed him onto and over the porch rail, grabbed him by the gun belt from the back and attempted to lift him up over the porch rail and throw him off the porch, yelled that Sokolowski was on private property and that he was to get off the property, stated that he was going to break his "fucking head" and refused to get off of Sokolowski's back. Notwithstanding that Moss testified, at both the criminal and civil trials, that Sokolowski's injuries were accidental, we find that Sokolowski is bound by his own testimony that Moss viciously assaulted him.

We further are not persuaded by Sokolowski's claim that a plea-based conviction, rather than a conviction following a jury trial, is required to establish intent to injure or expectation of injury. See *Aetna Casualty & Surety Co v Sprague,* 163 Mich App 650, 654; 415 NW2d 230 (1987); *State Farm Fire & Casualty Co v Jenkins,* 147 Mich App 462; 382 NW2d 796 (1985).

We agree with the trial court that Sokolowski's suit for negligence was an attempt to trigger insurance coverage by characterizing allegations of tortious conduct under the guise of negligent activity. *Sprague, supra,* 654; *Linebaugh v Berdish,* 144 Mich App 750, 763; 376 NW2d 400 (1985). We strongly disapprove such a practice.

Although we conclude that State Farm does not have a duty to indemnify Moss, we decline to consider whether it has a duty to defend him because the issue is not raised by Moss. An insurer's duty to defend a lawsuit brought against its insured is separate and severable from its duty to indemnify the insured for liability imposed after

trial. *State Farm Fire & Casualty Co v Huyghe,* 144 Mich App 341, 345; 375 NW2d 442 (1985); *Reurink Bros Star Silo, Inc v Maryland Casualty Co,* 131 Mich App 139, 142; 345 NW2d 659 (1983). Moss' right to have plaintiff defend him is his personal right as the insured; no benefit inures to Sokolowski. Even if we decided that a duty to defend exists, Sokolowski has no interest or right to that duty and no relief could be granted as to Sokolowski. *Allstate Ins Co v Maloney,* 174 Mich App 263, 268; 435 NW2d 448 (1988).

Affirmed.