SECURA INSURANCE COMPANY v BLOTSKY

MICHIGAN BASIC PROPERTY INSURANCE ASSOCIATION v BLOTSKY

Docket Nos. 111901, 111902. Submitted December 19, 1989, at Detroit. Decided March 19, 1990. Leave to appeal applied for.

Secura Insurance Company and Michigan Basic Property Insurance Association each pled an action in the Wayne Circuit Court against Jean Blotsky, personal representative of the estate of John R. Blotsky, deceased, and others to declare that they were not liable to defend or indemnify their insureds for damages arising out of their insureds' participation in the killing and injuring of three persons represented by defendants. Secura was Theodoric Mutry's homeowner's insurer and Michigan Basic was Tony and Aaron Taylor's homeowner's insurer. Mutry, the Taylors and another, armed with a club, assaulted and robbed three individuals, killing one and injuring the other two. The Michigan Basic policy provided coverage for damages resulting from "an accident." The Secura policy excluded coverage for injuries "expected or intended by the insured." The court, Charles S. Farmer, J., granted summary disposition for each plaintiff. Defendants appealed each order. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

An accident, within the meaning of a policy of liability insurance, is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected. The attacks could not be called accidents and the injuries could not be deemed unexpected or unintended. The court's grants of summary disposition were proper.

Affirmed.

INSURANCE — ACCIDENTS.

An accident, within the meaning of a policy of liability insurance,

REFERENCES

Am Jur 2d, Insurance §§ 708, 709, 727.

Liability insurance: assault as an "accident," or injuries therefrom as "accidentally" sustained, within coverage clause. 72 ALR3d 1090.

is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected.

*Johnson, Shefferly & Moesta, P.C.* (by *Reginald S. Johnson*), for Michigan Basic Property Insurance Association.

*Rogers & Polidori, P.C.* (by *David T. Rogers*), for Secura Insurance Company.

*Eames, Wilcox, Mastej & Bryant* (by *Jerry R. Swift* and *Keith M. Aretha*), for defendants.

Before: DOCTOROFF, P.J., and SHEPHERD and Mc-DONALD, JJ.

McDONALD, J. Defendants appeal as of right from September 6, 1988, opinions and orders granting in part plaintiffs' motions for summary disposition in these declaratory judgment actions. We affirm.

Plaintiff insurance companies brought declaratory judgment actions claiming they are not liable to defend or indemnify their insureds for damages stemming from their insureds' participation in the killing and injuring of three individuals who are represented by defendants. Defendants filed the underlying lawsuit against plaintiffs' insureds, Theodoric Mutry and Tony and Aaron Taylor. Plaintiff Michigan Basic Property Insurance Association (Michigan Basic), the Taylors' homeowner's insurer, and plaintiff Secura Insurance Company, Mutry's homeowner's insurer, brought summary disposition motions claiming their policies exclude the sort of injuries incurred by defendants. Defendants filed a like motion claiming the events which gave rise to their claims against the insureds fall outside the scope of the policies' exclu-

sions. The trial court found the policies excluded coverage for the claimed injuries and granted summary disposition in favor of plaintiffs with respect to the three aforementioned insureds.

In a wooded section of Palmer Park in Detroit, Maurice Reynolds, Mutry and the Taylors, all minors at the time, assaulted and robbed three individuals. John Blotsky and Michael Roy were beaten and killed by the foursome while Robert Porter was severely injured. The foursome entered the park at approximately 5:00 P.M. intending to rob homosexuals whom they believe carry large amounts of cash. The plan was formed following a conversation wherein Reynolds "bragged" about how he and his cousins had beaten and robbed individuals in the park the preceding summer using such weapons as baseball bats and knives. Reynolds brought a wooden club similar in shape to a baseball bat. As Mutry stated in a deposition, it was "obvious" that the intent was to obtain money whether "you have to hurt them (the victims) or not."

Once in the park the four verbally assaulted the first man they saw. Thereafter the four spotted and lost sight of Blotsky. They split into twosomes and began a search. Mutry and Aaron Taylor found Blotsky and directed Reynolds to him. Reynolds ran up behind Blotsky and struck him in the head with the club. Blotsky fell to his knees saying he did not have any money whereupon Reynolds again struck him in the head with the club. Aaron Taylor, while cursing at Blotsky, took the club and beat him on his ribs and stomach at least four times. Tony Taylor and Reynolds searched Blotsky and recovered fifty cents. After Mutry determined Blotsky was probably dead, Tony Taylor and Reynolds pulled him into the underbrush of the woods to conceal the body and the foursome moved on to

find their next victim, Roy. A similar scenario ensued resulting in Roy's death. The foursome have also been implicated in the assault on Porter.

On appeal defendants claim the trial court erred in finding the contested policies excluded coverage because plaintiffs' insureds did not expect or intend the injuries for which damages are now sought. We will address each policy separately.

### MICHIGAN BASIC

The policy at issue provides coverage, defense of claims and indemnity for personal liability for: "all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence." An occurrence is defined as "an accident, including injurious exposure to conditions, which result, during the policy term, in bodily injury or property damage."

Our Supreme Court has recently defined the term "accident" for purposes of policies of accident insurance as "an undersigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected." *Allstate Ins Co v Freeman*, 432 Mich 656, 670; 443 NW2d 734 (1989). We do not believe the injuries resulting from the Taylors' participation in the assaults and robberies underlying the instant claim fall within this definition of accident. It can hardly be called chance, fortuitous, unanticipated or unusual that a person struck on and around the head with a baseball bat-like club will suffer severe injuries or possible death. The Taylors, in conjunction with Reynolds and Mutry, entered the park with the intent to rob, armed with a club and intending that the weapon be used if necessary to

complete the robberies. We find incredible the suggestion that the club was intended to be used and actually was used only to frighten or threaten rather than injure—particularly when its use on the first victim resulted in the victim's death and then, undaunted, all four insureds moved on to the next victim. Additionally, the plan to commit the robberies was formed in response to Reynolds' bragging about committing similar acts, including like assaults, the previous summer. Thus, as the "prototype" robberies, committed with a similar weapon, resulted in assaults, it is ridiculous to postulate that the instant assaults and resulting injuries were not anticipated.

We therefore affirm the trial court's grant of partial summary disposition in favor of plaintiff, Michigan Basic, as the damages claimed by defendants did not result from an "occurrence" covered by the insurance policy.

### SECURA

Unlike the Michigan Basic policy, Secura's policy does not limit personal liability coverage to accidental occurrences. The policy provides the insured personal liability coverage "for damages because of bodily injury or property damage." Thus, as the coverage section of the policy applies, we must look to the policy's exclusions to see if, as plaintiff claims, the insured's, Theodoric Mutry's, actions preclude coverage of the claimed damages.

The exclusion section of the policy excludes personal liability coverage for bodily injury or property damage "which is expected or intended by the insured."

In *Freeman, supra,* a majority of the Court interpreted a similar provision which excluded coverage for injuries either "expected or intended

from the standpoint of the insured" as requiring use of a subjective test to determine the insured's expectations or intent. In so holding, the Court relied in great part on the policy's inclusion of the language, expectation or intent "from the standpoint of the insured." As the instant policy's exclusion does not contain this language, it is questionable whether a subjective test is warranted. Nonetheless, we believe the insured's actions viewed either subjectively or objectively fall within the policy's exclusion of coverage for injuries either expected or intended by the insured. Although the determination of an individual's subjective intentions may be difficult, such intention may be disclosed by declarations or actions. Moreover, as oft noted, sometimes a person's actions speak louder than his words. *Freeman, supra,* p 679. We believe this to be such a case.

The trial court therefore properly granted partial summary disposition in favor of plaintiff Secura, as the policy excluded coverage for damages which were either the expected or intended result of the insured's actions.

Affirmed.