STATE MUTUAL INSURANCE COMPANY v RUSSELL

Docket No. 120514. Submitted August 7, 1990, at Lansing. Decided
September 17, 1990.

> Gladys M. Russell for several years operated an in-home day-care
> center licensed by the Department of Social Services. Over an
> extended period during that time George M. Russell, Gladys'
> husband, sexually assaulted one of the children who attended
> the center. The mother of the child filed suit against the
> Russells in Gladwin Circuit Court to recover damages stem-
> ming from the sexual assaults. Her complaint alleged negli-
> gence, assault and battery, and breach of contract. State Mu-
> tual Insurance Company, the Russells' homeowner's insurer,
> subsequently filed a declaratory judgment action in that court
> seeking a declaration that it had no duty to defend or indem-
> nify the Russells because of a policy exclusion for bodily injury
> expected or intended from the standpoint of the insured and
> that the underlying lawsuit fell within an exclusion for bodily
> injury arising out of the business pursuits of the insured.
> George Russell admitted to touching the child but stated that
> his actions were not planned or deliberated and denied that he
> intended or expected to cause harm or bodily injury to the
> child. He also felt his actions were the result of an illness.
> State Mutual moved for summary disposition arguing that, on
> the basis of George Russell's testimony, there was no genuine
> issue of material fact concerning the applicability of the policy
> exclusions. In response to the motion, the mother stated that
> she was seeking leave in the underlying lawsuit to amend her
> complaint to allege a lack of intentional conduct or expected
> harm on the part of George Russell. The court, Charles W.
> Simon, Jr., J., found that the intent to injure could be inferred
> as a matter of law from George Russell's acts and granted State
> Mutual's motion as it pertained to State Mutual's duty to
> defend or indemnify George Russell. The court also ruled that
> Gladys Russell was operating a day-care facility and the busi-

REFERENCES '

Am Jur 2d, Appeal and Error § 785; Insurance §§ 708, 709, 717.

Construction and application of provision of liability insurance
policy expressly excluding injuries intended or expected by in-
sured. 31 ALR4th 957.

ness exclusion of the homeowner's policy excluded Mrs. Russell from policy coverage for the damages sought. The mother appealed, and the Russells cross appealed.

The Court of Appeals *held:*

1. The trial court erred in using an objective test to determine if there was a factual question on the issue of George Russell's intent to injure. The language in the exclusionary clause requires that a subjective standard be applied in determining whether the insurer has a duty to defend. This error, however, does not require reversal. The instances of sexual molestation involved in this case fall within those types of acts from which intended or expected injury may be inferred as a matter of law. Thus, the trial court did not err in ruling that George Russell's conduct, as a matter of law, fell within the intentional acts exclusion of the policy.

2. The mother's argument that State Mutual has a duty to defend George Russell because her first amended complaint sets forth several causes of action that sound in negligence is without merit. The allegations of negligence contained in the amended complaint are nothing more than a transparent attempt to trigger insurance coverage by characterizing intentionally tortious conduct as negligent activity. State Mutual has no duty to defend or indemnify against such conduct.

3. The court did not err in ruling as a matter of law that the business exclusion relieved State Mutual of its duty to defend or indemnify Gladys Russell.

Affirmed.

1. INSURANCE — EXCLUSIONARY CLAUSES — INTENTIONAL INJURY — DUTY TO DEFEND.

An exclusionary clause in a homeowner's insurance policy which excludes coverage for bodily injury expected or intended from the standpoint of the insured requires that a subjective standard be applied in determining whether the insurer has a duty to defend the insured.

2. INSURANCE — INTENT TO INJURE — INFERENCES.

Certain acts, such as sexual penetration of a minor child, are of such a nature that an intent to injure can be inferred as a matter of law; the defense or payment of damages on behalf of an insured against whom an action has been brought because of such an act is not covered by an insurance policy which excludes injuries intentionally caused by the insured.

3. APPEAL — WRONG REASON FOR RIGHT RESULT.

A result reached by a trial court will not be disturbed on appeal

where the court achieved the right result, but assigned the wrong reason therefor.

4. INSURANCE — DUTY TO DEFEND.

An insurer has no duty to defend or provide coverage to an insured where the complaint against the insured is a transparent attempt to trigger insurance coverage by characterizing intentionally tortious conduct as negligent activity.

5. INSURANCE — EXCLUSIONARY CLAUSES — BUSINESS PURSUIT.

To trigger the business pursuit exclusion of a homeowner's insurance policy, the activity complained of must be engaged in by the insured continually and for profit; the focus is on the business pursuit itself, not the specific acts complained of, i.e., all that is required to trigger the exclusion is that the acts be performed as part of the business or service normally performed by the insured for profit.

*Smith & Brooker, P.C.* (by *Glenn F. Doyle*), for plaintiff.

*Michael J. Greer*, for defendants Russell.

*Goodman, Eden, Millender & Bedrosian* (by *Robert A. Koory*), for Bonnie House.

Before: CAVANAGH, P.J., and GRIFFIN and JANSEN, JJ.

GRIFFIN, J. This appeal involves a declaratory judgment action brought by plaintiff, State Mutual Insurance Company, to determine whether it had a duty to defend or indemnify its insureds, George and Gladys Russell, in an underlying civil action. Defendants appeal as of right an order of the Gladwin Circuit Court granting summary disposition in favor of plaintiff. We affirm.

I

Beginning sometime in the mid-1970s, Gladys M. Russell operated an in-home day-care center li-

censed by the Department of Social Services. For several years, the minor daughter of the defendant attended the center. During this time, the child was sexually assaulted by Gladys' husband, George. On several occasions, George touched the child's crotch area through her clothes.

On January 18, 1988, the mother, individually and as next friend of the child, filed suit against George and Gladys Russell to recover damages stemming from the sexual assaults. Her original complaint contained three counts: negligence, assault and battery, and breach of contract.

On June 28, 1988, plaintiff State Mutual Insurance Company, the Russells' homeowner's insurer, filed the instant declaratory judgment action. State Mutual alleged that it had no duty to defend or indemnify the Russells because of a policy exclusion for bodily injury "expected or intended from the standpoint of the insured." State Mutual further alleged that the underlying lawsuit fell within an exclusion for bodily injury "arising out of business pursuits of any insured."

On December 6, 1988, George and Gladys Russell were deposed in the underlying lawsuit. George Russell admitted to touching the child more than once over a period of several years. He characterized his actions as being "not planned or deliberated" but rather something that "just happened." In response to a leading question, Russell denied that he intended or expected to cause harm or bodily injury to anybody. He also felt his actions to have been the result of an illness.

Thereafter, plaintiff brought a motion for summary disposition in the present case pursuant to MCR 2.116(C)(10). State Mutual argued that, on the basis of the deposition testimony, there was no genuine issue of material fact concerning the applicability of the policy exclusions cited above. In

responding to the motion, the mother urged, in part, that she was seeking leave in the underlying lawsuit to amend her complaint to allege "a lack of intentional conduct or expected harm on the part of George Russell."[1] The court, however, found that the intent to injure could be inferred as a matter of law from George's acts. Accordingly, the court granted plaintiff's motion as it pertained to plaintiff's duty to defend or indemnify George Russell.[2] As to plaintiff's duty relative to Gladys Russell, the court took the matter under advisement and requested additional briefs.

On August 2, 1989, the trial court issued a written decision based on the recent decision of the Supreme Court in *Allstate Ins Co v Freeman,* 432 Mich 656; 443 NW2d 734 (1989). The court applied a two-pronged objective test set forth in *Freeman* and ruled that George's intent to injure could be inferred from his acts, thus relieving his insurer of any duty to defend or indemnify. In addressing the claim against Gladys Russell, the court ruled that "it is clear from the pleadings that Mrs. Russell was operating a day-care facility and the business exclusion of the homeowner's policy excludes Mrs. Russell from policy coverage for the damages sought." An order adopting this decision was filed August 15, 1989.

II

On appeal, the mother and defendants Russell proceeding as cross-appellants, raise several issues

[1] The mother has attached to her brief and various pleadings below a copy of an amended complaint, which she alleges was filed in the underlying lawsuit on June 3, 1989. This document contains an additional cause of action alleging negligence through lack of intent, as well as a claim for negligent infliction of emotional harm.

[2] The mother's motion for reconsideration of this ruling was denied following a hearing held June 23, 1989.

for our review. Because these issues are interrelated, they will be addressed together.

First, the mother contends that the court below erred in using an objective test to determine if there was a factual question on the issue of George Russell's intent to injure. We agree. The exclusionary clause in plaintiff's policy excluded coverage for bodily injury "expected or intended from the standpoint of the insured." Such language requires that a subjective standard be applied in determining whether the insurer has a duty to defend. *Freeman, supra* at 708-710 (opinion of BOYLE, J.).

However, we are not persuaded that this error requires reversal. In arguing to the contrary, the mother and defendants Russell both contend that, under a subjective analysis, George Russell's deposition testimony raises a factual question regarding his expectation of or intent to cause harm. We disagree.

In previous cases, we have held that certain acts, such as sexual penetration of a minor child, are of such a nature that the insured's intent to injure can be inferred as a matter of law. *Auto-Owners Ins Co v Gardipey,* 173 Mich App 711; 434 NW2d 220 (1988), lv den 433 Mich 855 (1989); *Linebaugh v Berdish,* 144 Mich App 750; 376 NW2d 400 (1985). We do not read the adoption of a subjective standard in *Freeman, supra,* as rendering such an inference no longer permissible. See *Secura Ins Co v Blotsky,* 182 Mich App 637, 641-642; 452 NW2d 899 (1990). Indeed, Justice ARCHER, in concurring with the adoption of a subjective standard, wrote:

> [T]he lead opinion cites a number of decisions by the Court of Appeals, in addition to decisions from other jurisdictions, which have found it unnecessary in certain factual situations to engage in a

subjective analysis and have inferred either an intent or expectation to injure as a matter of law. However, I disagree that the import of these decisions constitutes an engagement in theoretical exercise seeking to avoid a determination of an insured's subjective intentions. Upon examination of these decisions, I observe that within the areas of child molestation and certain violent assaultive actions, because of the nature of the act itself, a number of courts have found that the insured fell within the instant exclusionary clause as it was nearly impossible, even under a subjective standard, to find that the party could not have either intended or expected the harm which had been inflicted. However, while there are limited factual scenarios which may arguably lend themselves to such a determination, this does not erase the clear language of the exclusionary clause or the remaining multitude of instances in which a determination of the insured's subjective state of mind is necessary. Further, the lead opinion fails to cite any authority that these decisions are indicative of an unworkable subjective standard, or that its approach is an exception which threatens to engulf the rule. [*Freeman, supra* at 729-730.]

In the present case, we view the instances of sexual molestation involving the child to fall within those types of acts from which intended or expected injury may be inferred as a matter of law. It is undisputed that George Russell fondled the child's crotch through her clothes on numerous occasions over a period of years. The child would have been between the ages of two and seven during this time. Given the age of the child and the ongoing nature of the conduct, we are unpersuaded by the mother's contention that the absence of penetration should somehow preclude us from finding that harm was intended or expected. Furthermore, we find George Russell's characterization of his acts as impulsive and the

product of an illness to be of no moment. This testimony does not detract from the inference of harmful intent generated by the deplorable nature of the acts themselves.

In light of the foregoing, we hold that the trial court did not err in ruling that the conduct of plaintiff's insured, as a matter of law, fell within the intentional acts exclusion of the policy. Although the court erred in using an objective standard, we will not reverse where the right result is reached, but for the wrong reason. *Portice v Otsego Co Sheriff's Dep't,* 169 Mich App 563, 566; 426 NW2d 706 (1988).

### III

The next issue is raised by the mother only. She claims that plaintiff has a duty to defend George Russell because her first amended complaint sets forth several causes of action that sound in negligence. This matter does not appear to have been addressed by the trial court. In any event, we find this argument to be without merit. We have reviewed the allegations of negligence contained in the amended complaint. We conclude that they are nothing more than a transparent attempt by the mother to trigger insurance coverage by characterizing intentionally tortious conduct as negligent activity. As such, plaintiff has no duty to defend or indemnify against them. *Smorch v Auto Club Group Ins Co,* 179 Mich App 125, 128-129; 445 NW2d 192 (1989); *Tobin v Aetna Casualty & Surety Co,* 174 Mich App 516, 518; 436 NW2d 402 (1988); *Iowa Kemper Ins Co v Ryan,* 172 Mich App 134, 137; 431 NW2d 434 (1988).

### IV

Lastly, both the mother and defendants Russell

contend that the trial court erred in ruling as a matter of law that the business exclusion relieved plaintiff of its duty to defend or indemnify Gladys Russell. This exclusion provided as follows:

> This policy does not apply:
>
>     \*   \*   \*
>
> . . . to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits.

The mother argues that, because she did not always pay for the day-care services provided by Gladys Russell, the business exclusion does not apply. In a similar vein, defendants Russell argue that this arrangement raises a factual question regarding profit motive, a necessary element of a business pursuit. We find no merit to either contention.

To trigger the business pursuit exclusion, the activity must be engaged in continually and for profit. *State Mutual Cyclone Ins Co v Abbott,* 52 Mich App 103, 108; 216 NW2d 606 (1974). In the present case, Gladys Russell operated a licensed in-home day-care facility for approximately ten years. During this time, she charged a variable fee based on a parent's ability to pay. We find these facts sufficient as a matter of law to trigger the applicability of the business pursuit exclusion.

We recognize, as the mother points out, that there was testimony that some of the acts may have occurred while Gladys Russell was gratuitously caring for the child. However, such testimony does not render the business exclusion inapplicable. For exclusion purposes, the focus is on the business pursuit itself, not the specific acts

complained of. That is, all that is required to trigger the exclusion is that the acts be performed as part of the business or service normally performed by the insured for profit, i.e., child care. *Frankenmuth Mutual Ins Co v Kompus,* 135 Mich App 667, 676-677; 354 NW2d 303 (1984), lv den 421 Mich 863 (1985).

Finally, the mother and defendants Russell both argue that the business exclusion does not apply because baby-sitting or child care falls within the exception for activities "ordinarily incident to non-business pursuits." We find no substance to this contention. The child care involved in this case was a business pursuit of plaintiff's insured.

V

On the basis of the foregoing, we conclude that the trial court properly found, as a matter of law, that plaintiff was not obligated to defend or indemnify George and Gladys Russell in the lawsuit arising out of the sexual assaults. Accordingly, the order of summary disposition is affirmed in all respects.

Affirmed.